# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 3:20-bk-03561** |
| **LIVINGSCAPES, LLC**, ) | **Chapter 11** |
| ) | **Judge Marion F. Harrison** |
| **Debtor.** ) | |

## OBJECTION OF CASSIE BURTON TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN

COMES NOW Cassie Burton, a creditor and party-in-interest in the above-captioned case, by and through undersigned counsel, and objects to the confirmation of the Debtor's proposed Chapter 11 Plan. In support of this Objection, Ms. Burton would show the Court:

1. Ms. Burton is an unsecured creditor of Livingscapes, LLC (the "Debtor"). Ms. Burton has filed a Proof of Claim in the amount of $3,000,000.00. [Claim 8].

2. Per the information provided in the Debtor's Voluntary Petition and Schedules [Doc. 1], Ms. Burton asserts that the Debtor's plan was filed in bad faith, proposes to pay creditors less than they would receive under a Chapter 7 liquidation, and does not propose to pay all disposable income during the commitment period to the payment of unsecured claims.

3. It is readily apparent that Debtor filed a Chapter 11 bankruptcy for the sole reason of attempting to discharge debts that would be nondischargeable under a Chapter 7 filing.

4. Ms. Burton further opposes the plan as both the petition and the plan have been filed in bad faith. Debtor has undervalued assets, proposes to underpay creditors, and is attempting to seek shelter from valid, reprehensible tort claims.

5. Ms. Burton provided notice to Debtor on or about July 24, 2020, of a lawsuit that would be filed within thirty (30) days by Ms. Burton against Debtor for numerous claims,

1

including unlawful interception, intrusion upon seclusion, appropriation of name or likeness, and defamation.

6. Creditor Milessa Thomas ("Ms. Thomas") also provided notice to Debtor on or about July 24, 2020, of a lawsuit that would be filed imminently by Ms. Thomas against Debtor for numerous claims, including sexual harassment, retaliation, and intentional infliction of emotional distress.

7. These collective civil claims arise from Debtor's long history of unwanted sexual advances and sexual harassment of female employees employed by Debtor.

8. Ms. Burton worked for Debtor as an office administrator and, throughout her employment, Debtor's owner, James Livingston (hereinafter Livingston), acting in his capacity as owner of the debtor corporation, repeatedly coerced Ms. Burton into sexual activity in the workplace. On August 15, 2019, Livingston set up a recording device inconspicuously in the back room of his office located at 3941 Stewarts Lane in Nashville, Tennessee. The device recorded both audio and video, and Livingston initiated the recording. Several minutes after initiating the recording, Ms. Burton entered the back room with the device hidden in it while the device recorded. Without informing Ms. Burton of the device to gain her consent, Livingston proceeded with sexual advances and engaged in intercourse while the device recorded. After having intercourse, Ms. Burton left the office still without seeing the device. Livingston then stopped the recording of the device. Furthermore, at some point during her employment with Debtor, Ms. Burton became pregnant and informed Livingston of this news. Livingston insisted that Ms. Burton abort the pregnancy and stated to her that there was no avenue for her to keep her job if she would not have the abortion. Ms. Burton proceeded with the

2

abortion against her better judgment. Ultimately, Ms. Burton left Debtor's employment in September 2019.

9. Debtor hired Ms. Thomas as his office manager in October 2019. On or about October 21, 2019, Debtor provided Ms. Thomas with a work iPhone. The device Ms. Thomas received had no saved photos or videos except for one – a sexually explicit video created on August 15, 2019, showing Debtor setting up a recording device in the back office of 3941 Stewarts Lane, exiting the room momentarily, then returning accompanied by a female employee. Debtor and the female employee proceeded to have intercourse on an air mattress, all of which is captured by the recording device. Then, on October 23, 2019, Ms. Thomas began receiving sexually explicit text messages on her personal cell phone from an unknown number. On October 25, 2019, Ms. Thomas confronted Debtor concerning the sex video on her work iPhone and the sexually explicit text messages sent to her personal cell phone. Debtor immediately became hostile and terminated Ms. Thomas's employment.

10. Simply put, Debtor has filed this bankruptcy petition to act as a shield to prevent Ms. Burton and other victims from filing a lawsuit for Livingston's willful and malicious conduct.

11. Livingston testified under oath during the August 27, 2020 Meeting of Creditors for Livingscapes, LLC, that the only reason for filing for bankruptcy relief was due to Ms. Thomas and Ms. Burton's civil claims.

12. Debtor's proposed Plan proposes to pay unsecured creditors far less than they would receive under a Chapter 7 liquidation in violation of 11 U.S.C. § 1325(a)(4).

13. Under the terms of the Plan, the Debtor proposes to pay $90,000.00 to General Unsecured Claims, far less than the amount required to satisfy the claim of Ms. Burton.

3

14. Ms. Burton also objects to the Plan because it does not comply with the "best interests of creditors" test contained in 11 U.S.C. § 1129(a)(7). Ms. Burton will not receive, under the Plan property of a value that is not less than the amount she would so receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the effective date of the Plan. Ms. Burton asserts that the Debtor has substantially undervalued the liquidation value of certain property of the estate.

15. Ms. Burton also objects to the Plan on the grounds that it does not meet the requirement of 11 U.S.C. § 1129(a)(11) that confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor.

**WHEREFORE**, based on the foregoing, Ms. Burton objects to the confirmation of the Debtor's proposed Chapter 11 Plan and asserts that the Chapter 11 case should be dismissed or converted to a case under Chapter 7.

Respectfully submitted,

/s/ Gregory R. Atwood
Gregory R. Atwood (#024296)
Atwood & McVay LLP
6953 Charlotte Pk. Suite 401
Nashville, Tennessee 37299
gregatwoodlaw@gmail.com
*Counsel for Cassie Burton*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed and served via the Court's electronic case filing and noticing system on the following:

Steve Lefkovitz, Esq.
Lefkovitz and Lefkovitz, PLLC
618 Church St., Ste. 410
Nashville, TN 37219
slefkovitz@lefkovitz.com

4

Case 3:20-bk-03561    Doc 92    Filed 09/20/21    Entered 09/20/21 21:46:34    Desc Main
Document    Page 4 of 5

*Counsel for Livingscapes, LLC*

Jeffrey S. Grasl, Esq.
Department of Justice Office of United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203
Jeffrey.s.grasl@usdoj.gov
*Counsel for United States Trustee*

And all parties registered to receive electronic notices in this matter

this the 20th day of September 2021.

                /s/ Gregory R. Atwood
                Gregory R. Atwood