UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:20-bk-03561 |
| LIVINGSCAPES, LLC. ) | Chapter 11 |
| ) | Judge Marian F. Harrison |
| Debtor. ) | |

**OBJECTION OF MILESSA THOMAS TO CONFIRMATION
OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN**

COMES NOW Milessa Thomas, a creditor and party-in-interest in the above-captioned case, by and through her attorneys, and objects to confirmation of the Debtor's proposed Chapter 11 Plan. In support of this Objection, Milessa Thomas would show the Court:

1. Milessa Thomas ("Ms. Thomas") is an unsecured creditor of Livingscapes, LLC (the "Debtor"). Thomas has filed a Proof of Claim in the amount of $500,000.00. [Claim 7].

2. Per the information provided in the Debtor's Voluntary Petition and Schedules [Doc. 1], Thomas asserts that the Debtor's plan was filed in bad faith, proposes to pay creditors less than they would receive under a Chapter 7 liquidation, and does not propose to pay all disposable income during the commitment period to the payment of unsecured claims.

3. It is readily apparent that Debtor filed a Chapter 11 bankruptcy for the sole reason of avoiding the claims of Thomas and other sexual harassment defendants.

4. Ms. Thomas further opposes the plan as both the petition and the plan have been filed in bad faith. Debtor has undervalued assets, proposes to underpay creditors, and is attempting to seek shelter from valid, reprehensible tort claims.

5. Ms. Thomas provided notice to Debtor on or about July 24, 2020, of a lawsuit that would be filed within thirty (30) days by Ms. Thomas against Debtor for numerous claims, including sexual harassment, retaliation, and intentional infliction of emotional distress.

1

6. Creditor Cassie Burton ("Ms. Burton") also provided notice to Debtor on or about July 24, 2020, of a lawsuit that would be filed imminently by Ms. Burton against Debtor for numerous claims, including unlawful interception, intrusion upon seclusion, appropriation of name or likeness, and defamation.

7. These collective civil claims arise from the long history of unwanted sexual advances and sexual harassment of female employees employed by Debtor.

8. Ms. Burton worked for Debtor as an office administrator and throughout her employment, Debtor repeatedly coerced Ms. Burton into sexual actively in the workplace.

9. Debtor hired Ms. Thomas as its office manager in October 2019. On or about October 21, 2019, Debtor provided Ms. Thomas with a work iPhone. The device Ms. Thomas received had no saved photos or videos except for one – a sexually explicit video created on August 15, 2019, showing Debtor's principal, James Livingston ("Mr. Livingston"), setting up a recording device in the back office of 3941 Stewarts Lane, exiting to the room momentarily, then returning accompanied by a female employee. Mr. Livingston and the female employee preceded to have intercourse on an air mattress, all of which is captured by the recording device. Then, on October 23, 2019, Ms. Thomas began receiving sexually explicit text messages on her personal cell phone from an unknown number, starting with a picture of an erect penis purporting to belong to Mr. Livingston. The text messages stated, in part, "This is your new bosses cock. I use to work for him"; "But damn he is big…"; "I understand girl, I man gave me the best dick I've ever had, he beat it up for me;" "If you're single I'd be trying to get some of that if I were you"; "he's just a great guy…with a horse cock ha." On October 25, 2019, Ms. Thomas confronted Debtor and Mr. Livingston concerning the sex video on her work iPhone and the sexually explicit text messages

2

Case 3:20-bk-03561    Doc 119    Filed 12/01/21    Entered 12/01/21 13:45:47    Desc Main
Document    Page 2 of 5

sent to her personal cell phone. Debtor and Mr. Livingston immediately became hostile and terminated Ms. Thomas' employment.

10. Simply put, Debtor has filed this bankruptcy petition to act as a shield to prevent Ms. Thomas and other victims from filing a lawsuit against itself for the willful and malicious conduct of Debtor and Mr. Livingston.

11. Mr. Livingston testified under oath during the August 27, 2020, Meeting of Creditors for Livingscapes, LLC, that the only reason for filing for Chapter 11 was due to Ms. Thomas and Ms. Burton's civil claims.

12. Debtor's proposed Plan proposes to pay unsecured creditors far less than they would receive under a Chapter 7 liquidation in violation of 11 U.S.C. § 1325(a)(4).

13. Under the terms of the Plan, the Debtor proposes to pay $0.00 to Creditor Thomas upon confirmation. There is no other provision in the Plan for payments to Creditor Thomas.

14. Creditor Thomas also objects to the Plan because it does not comply with the "best interests of creditors" test contained in 11 U.S.C. § 1129(a)(7). Creditor Thomas will not receive under the Plan property of a value that is not less than the amount that it would so receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the effective date of the Plan. Creditor Thomas asserts that the Debtor has substantially undervalued the liquidation value of certain property of the estate.

15. Creditor Thomas also objects to the Plan on the grounds that it does not meet the requirement of 11 U.S.C. § 1129(a)(11) that confirmation is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor.

16. This Court has already made factual findings that it is impossible to determine whether the Debtor's statements and schedules are accurate. *See* attached **Exhibit "A"** for excerpt

of March 15, 2021 <u>Objection to Confirmation of Plan</u> and <u>Motion to Dismiss for Failure to Confirm Plan</u> (for individual Ch. 13 case of Mr. Livingston), pp. 198, 17-18. Considering that this is a Chapter 11 Debtor in Possession case, and the Debtor is in the position of a fiduciary, with the rights and powers of a Chapter 11 Trustee, and it requires the Debtor to perform of all but the investigative functions and duties of a Trustee. These duties, set forth in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, include accounting for property, examining and objecting to claims, and filing informational reports as required by the court and the U.S. trustee or bankruptcy administrator, such as monthly operating reports. 11 U.S.C. §§ 1106, 1107; Fed. R. Bankr. P. 2015(a).

16. Debtor's proposed Plan should not be confirmed as a result.

**WHEREFORE**, based on the foregoing, Melissa Thomas objects to the confirmation of the Debtor's proposed Chapter 11 Plan, requests that confirmation of the Debtor's plan be denied, and/or that the Chapter 11 case should be dismissed.

Respectfully Submitted:

/s/ Justin T. Campbell
Justin Campbell, (#031056)
Thompson Burton PLLC
180 West End, Suite 1550
Nashville, TN 37203
P: 615-465-6015
justin@thompsonburton.com

Counsel for Creditor Milessa Thomas

## CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and exact copy of the foregoing to the Assistant United States Trustee, and all other parties of record to receive notice electronically via the United States Bankruptcy Court's CM/ECF system, this 1st day of December, 2021.

                                            /s/ Justin T. Campbell
                                            Justin T. Campbell